IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MAIN DRUG, INC.,

Plaintiff,

v.

PHARMACARE MANAGEMENT SERVICES, INC.,

Defendant.

CASE NO. 2:05-CV-277-WKW

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on a Motion to Remand (Doc. # 4) filed by the plaintiff, Main Drug, Inc., ("Main Drug") on April 25, 2005. This lawsuit was originally filed in the Circuit Court of Bullock County, Alabama. Defendant Pharmacare Management Services, Inc. ("Pharmacare") removed the case to this Court on March 24, 2005, claiming that this Court has federal jurisdiction pursuant to 28 U.S.C. § 1332 and § 1367. Because the Court finds that it may only consider the claims of named class members—rather than the potential claims of putative class members—in determining whether the required jurisdictional amount in controversy exists, the Motion to Remand is due to be GRANTED.

## I. PROCEDURAL HISTORY

Main Drug originally filed a complaint for breach of contract against Pharmacare on behalf of a putative national class. Main Drug is a citizen of Alabama; Pharmacare is a citizen of Rhode Island and Delaware. Pharmacare removed the case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, asserting that the amount in controversy exceeds the requirement of $75,000 "because several individual members of the Proposed Class have damages

well in excess of the jurisdictional minimum." (Notice of Removal at 3.) Pharmacare submitted an affidavit in support of remand, executed by its Director of Finance, containing certain damage calculations of potential class members. Pharmacare contends that, once it has established that federal jurisdiction exists over any potential claim in the case, the Court should exercise supplemental jurisdiction over the other claims—including that of the named plaintiff—under 28 U.S.C. § 1367. Main Drug moved to remand on the ground that "the $74,500 limitation on damages set forth by the named Plaintiff in the Complaint is controlling." (Mot. to Remand at 1.)

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706, 716 (1996). However, federal courts are courts of limited jurisdiction. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to motions to remand cases removed to this Court pursuant to 28 U.S.C. § 1441, the law of this Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.*

In determining whether to remand a case, "the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted). These determinations should be "based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties." *Id.*

## III. DISCUSSION

Main Drug, an independently owned pharmacy, entered into a contract with Pharmacare, a pharmacy benefit management company, to administer prescription benefit plans for third party payors such as insurers, managed care organizations and employee benefit plans. (Doc. # 1, Ex. 3.) Pharmacare agreed to reimburse Main Drug for prescription medications dispensed by the pharmacy using the Average Wholesale Price ("AWP") of brand name medications, as determined by reference to nationally recognized sources of prescription drug information. Main Drug claims that Pharmacare should have updated its AWP reports daily, rather than weekly, and seeks reimbursement for the amount it would have received if Pharmacare's AWP reports had been updated on a daily basis. Main Drug's Complaint was filed on behalf of a nationwide class defined as "all pharmacies and/or other similar entities who entered into a contract which provided for reimbursement of prescriptions according to a formula which included the Average Wholesale Price ("AWP") with Defendants." (Compl. ¶ 10.) The Complaint also contains the following language:

> Plaintiff, individually and on behalf of the putative class, makes no claims pursuant to federal law and further makes no claims which would give rise to any federal cause of action. Plaintiff's claims are based solely upon applicable state law. Additionally, Plaintiff, on behalf of itself and putative class members, does not make any claim for relief, including both equitable relief and monetary damages, in excess of $74,500 in the aggregate for each plaintiff or class member.

(Compl. ¶ 16.)

In its Notice of Removal, Pharmacare alleges that certain members of the proposed class could claim damages well in excess of $75,000. Pharmacare submitted an affidavit prepared by Matthew Gray, the company's Director of Finance, which uses detailed calculations to reach the conclusion that several members of the proposed class could have claims for more than $75,000. In particular, Gray's affidavit projects that CVS pharmacy could seek $932,237 in damages;

Walgreen Drug Stores could seek $221,411 in damages; and Rite Aid Corporation could seek $99,656 in damages. (Gray Aff. at 9.)

Pharmacare characterizes Main Drug's notice that it seeks no more than $74,500 as a "'do not remove me' disclaimer," and alleges that it is an attempt to avoid federal jurisdiction. (Notice of Removal at 3 n.2.) While this may be true, as the Eleventh Circuit has noted, the "plaintiff is still the master of his own claim." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citing Wright & Miller, 14A Federal Practice and Procedure § 3702 ("[p]laintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy.")). For this reason, the burden on Pharmacare to prove jurisdiction is a heavy one; the "defendant must prove to a legal certainty that plaintiff's claim must exceed [$75,000]." *Burns*, 31 F.3d at 1095. What Pharmacare has attempted to prove, however, is not the amount of *Main Drug's* damages to a legal certainty, rather it is the amount of damages that prospectively *could be* claimed by members of the putative class on behalf of whom Main Drug brought this claim.

Because Pharmacare has relied on the potential claims of putative class members in order to establish that the required jurisdictional amount has been met, the Court must address whether such evidence is relevant to the issue of removal in this case.[1] In *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611 (2005), the Supreme Court addressed the issue of supplemental

[1] The Court notes that a similar case was recently decided in this district, *see Eufaula Drugs, Inc. v. Scripsolutions*, 2005 WL 2465746 (M.D. Ala. 2005) (Albritton, J.), but that a distinction exists between the two cases. In *Eufaula*, the Court found that the defendant had not submitted sufficient evidence to demonstrate to a legal certainty that any potential plaintiff could have a claim for more than $75,000. Because of this, the Court did not address the question of whether it could consider potential claims of putative class members, or whether its inquiry was limited only to those plaintiffs named in the lawsuit, for the purposes of determining federal jurisdiction. Because the defendant in the present case has submitted detailed evidence to show that potential class members could have claims in excess of $75,000, this Court finds it necessary to address precisely the question that the Court in *Eufaula Drugs* did not.

jurisdiction as it applied to members of a class action.[2] The Court held that "where the other elements of jurisdiction are present and *at least one named plaintiff* in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction." *Exxon Mobil Corp.*, 125 S.Ct. at 2615 (emphasis added).

Main Drug argues that the language requiring "at least one named plaintiff" to satisfy the $75,000 threshold shows that the present case is not removable, as Main Drug has claimed no more than $74,500 in damages. Pharmacare rejoins that Main Drug is distorting the Court's ultimate holding in *Exxon*, by focusing on the "named plaintiff" language rather than the language requiring "at least one claim" contained in a given complaint to be in excess of $75,000. Pharmacare points to the following language in the Court's opinion:

> When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim. The presence of other claims in the complaint, over which the district court may lack original jurisdiction, is of no moment. If the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a "civil action" within the meaning of § 1367(a), even if the civil action over which it has jurisdiction comprises fewer claims than were included in the complaint.

*Exxon Mobil Corp.*, 125 S.Ct. at 2620-21.

Pharmacare's argument that the Court's decision should be interpreted broadly ignores the

---

[2] Supplemental jurisdiction is controlled by 28 U.S.C. § 1367, which states in part that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

long-standing rule to interpret the rules concerning removal narrowly. *See Burns*, 31 F.3d at 1095. Pharmacare asks this Court to construe the holding of the *Exxon* case broadly to mean that if *any* claim that *may* result from a complaint exceeds $75,000, the entire class action is subject to federal jurisdiction. Pharmacare urges that "[i]f the applicability of that principle were to turn on whether or not the claims meeting the requirements for original jurisdiction were advanced by the named plaintiff, it would be possible to circumvent the statutory purpose of § 1367 by choosing a named plaintiff that did not satisfy the original jurisdiction requirements." (Doc. # 19 at 4.) Such broad construction of the Court's holding, however, would be contrary to the general rule requiring courts to resolve uncertainties involving remand in favor of the plaintiff. In *Exxon*, the Court explicitly held that "at least one named plaintiff" must satisfy the amount-in-controversy requirement. *Exxon Mobil Corp.*, 125 S.Ct. at 2615. The Court has not explicitly held that § 1367 authorizes supplemental jurisdiction where an *unnamed* plaintiff satisfied the amount-in-controversy requirement. In the present case, the only named plaintiff is Main Drug, and Main Drug has unequivocally stated that it claims no more than $74,500 in damages. While Pharmacare has submitted evidence demonstrating that several unnamed plaintiffs would have damages in excess of $75,000, no such evidence has been presented regarding the claims of the named plaintiff. Pharmacare has not demonstrated to a legal certainty that the named plaintiff's damages exceed $75,000; therefore, there is no federal jurisdiction in this case under 28 U.S.C. § 1332.

The Court is aware that prior decisions in this circuit may appear to reach a different conclusion. The Eleventh Circuit previously remanded a case for determination of whether *any member* of a putative class had claims that could meet the jurisdictional amount-in-controversy requirement. *See Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000).

Following this decision, a court in this district found that the claims of class members other than the named plaintiffs could be considered for the purposes of establishing federal diversity jurisdiction. *See Chapman Funeral Home, Inc. v. National Linen Service,* 178 F. Supp. 2d 1247, 1250 (M.D. Ala. 2002) ("[T]his court has previously concluded that in the Eleventh Circuit the jurisdictional inquiry is not limited to the ability of the named plaintiff to meet the jurisdictional amount, based on *Morrison v. Allstate Indemnity Co.* . . . ."). The Supreme Court's subsequent decision in *Exxon*, however, does not specifically allow for reliance on the claims of an unnamed class member for the purposes of determining whether federal jurisdiction exists. In addition, the *Exxon* decision affirmed an Eleventh Circuit decision, *Allapattah Services, Inc. v. Exxon Corp.*, 333 F.3d 1248 (11th Cir. 2003), in which the circuit court held:

> [Section] 1367 clearly and unambiguously provides district courts with the authority in diversity class actions to exercise supplemental jurisdiction over the claims of class members who do not meet the minimum amount in controversy as long as the district court has original jurisdiction over the claims of *at least one of the class representatives*.

*Id.* at 1256 (emphasis added). Because the standards for removal should be construed narrowly, this Court is hesitant to expand the Supreme Court's ruling, particularly in light of the Eleventh Circuit's language in the *Allapattah* case—a decision the Supreme Court explicitly upheld. Therefore, the Court applies literally the language of the Supreme Court in finding that the claims of "at least one named plaintiff" must meet the amount-in-controversy requirement in order for this Court to exercise jurisdiction over the case. Because Main Drug, the named plaintiff in the present case, has specifically stated that it seeks no more than $74,500 in damages, federal diversity jurisdiction under 28 U.S.C. § 1332 does not exist in this case.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that defendants have not met their burden of establishing federal jurisdiction. It is hereby ORDERED that:

1. Plaintiff's Motion to Remand (Doc. # 4) is GRANTED.
2. This case is REMANDED to the Circuit Court of Bullock County, Alabama.
3. The Clerk is DIRECTED to take appropriate steps to effect the remand.
4. Any pending motions are left for resolution by the Circuit Court of Bullock County, Alabama.

Done this the 4th day of May, 2006.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE